UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Platinum Partners Value Arbitrage Intermediate Fund Ltd.

26-CV-8828 (DEH)

ORDER

DALE E. HO, United States District Judge:

Currently before the Court in this bankruptcy appeal is pro se Appellant Michael M. Goldberg's Emergency Motion Under Bankruptcy Rule 8007 ("Mot."), ECF No. 7. Goldberg seeks a stay, pending appeal, of several post-judgment orders issued by the bankruptcy court. For the reasons set forth below, the Motion is **DENIED**.

Goldberg appeals from three orders in the underlying adversary proceeding in the bankruptcy court: a September 14, 2026 order granting Appellee's motion for turnover of various assets ("the Turnover Order"); a September 24, 2026 order modifying the Turnover Order at Appellee's request ("the Supplemental Turnover Order"); and a September 24, 2026 order granting Appellee's motion for extension of restraining notices ("the Restraining Notices Order"). These were post-judgment orders enforcing the bankruptcy court's earlier decisions granting summary judgment to Appellee and establishing the amount of damages due to Appellee. The summary judgment and damages decisions were affirmed in a separate appeal by a different judge in this District. *See In re: Platinum Partners Value Arbitrage Fund L.P.*, No. 25 Civ. 8948, ECF No. 26 (S.D.N.Y. July 30, 2026). Goldberg now seeks a stay order pending appeal that would bar liquidation or transfer of assets under the bankruptcy court's turnover orders, require that all proceeds already collected under the orders be held segregated and undistributed, and require an accounting of all collected assets by Appellee. *See* Mot. at 1.

"To determine whether a stay pending appeal is appropriate, a court considers 'four well-established factors.'" *In re Carrington*, 698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023) (quoting *In re*

*461 7th Avenue Market, Inc.*, No. 20-3555, 2021 WL 5917775, at *1 (2d Cir. 2021)).[1] Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* A stay pending appeal is "the exception, not the rule," and the party seeking such relief "carries a heavy burden." *Id.*

Here, Goldberg has not met his heavy burden of showing that a stay is appropriate.[2] In particular, at this preliminary posture, he has not made a sufficiently strong merits showing—even assuming he need only demonstrate "serious questions" on the merits. Mot. at 2; *see In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570, 2025 WL 3088907, at *2 (S.D.N.Y. Nov. 5, 2025). He has not shown that the bankruptcy court likely erred in modifying the Turnover Order upon an email request from Appellee that copied Goldberg's counsel, after the parties had already briefed and argued Appellee's motion for turnover; in declining to condition any turnover on limitations similar to what Goldberg now seeks in his stay request; or in not specifically addressing Goldberg's request for such limitations on the Turnover Order. *See* Mot. at 2. And to the extent that Goldberg argues a stay is warranted simply because he is currently appealing the bankruptcy court's underlying summary judgment and damages decisions to the Second Circuit, *see* Reply Mem. at 3-6, ECF No. 22, that argument fails. A stay "is not a matter of right," *Nken v. Holder*, 556 U.S. 418, 433 (2009), and is "the exception, not the rule," *Carrington*, 698 F. Supp. 3d at 661.

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[2] Because the Court concludes that Goldberg does not meet the standard required for a stay, it need not address Appellee's argument that Goldberg has not complied with Federal Rule of Bankruptcy Procedure 8007 by failing to move for his requested relief in the bankruptcy court first.

Nor do the other factors support a stay. While Goldberg has identified harms to him that will result from the bankruptcy court's orders, he has not demonstrated *irreparable* harm sufficient to justify a stay here. And a stay would cause significant harm to Appellee, in the form of further delay in its ability to enforce the judgment in its favor in this adversary proceeding begun eight years ago. Along similar lines, given the public interest in "the expedient administration of . . . bankruptcy proceedings," *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 349 (S.D.N.Y. 2007), and the fact that Goldberg has already been able to obtain meaningful appellate review of the bankruptcy court's underlying decisions, the public interest does not weigh in Goldberg's favor. Altogether, then, the relevant factors weigh in favor of denying the stay request.

Accordingly, because Appellant Goldberg has not met the standard for a stay pending appeal, Goldberg's Motion is **DENIED**. The Clerk of Court is respectfully directed to close ECF No. 7.

SO ORDERED.

Dated: November 11, 2026
New York, New York

DALE E. HO
United States District Judge